GUIDRY, Judge.
Randy Fogleman appeals from a dismissal of his claim for worker’s compensation benefits for alleged total and permanent disability. The defendants are plaintiff’s employer, Augenstein Construction Company, Inc. (hereafter Augenstein), and its worker’s compensation insurer, Aetna Casualty & Surety Company (hereafter Aetna).
It was stipulated at trial that plaintiff was employed as a carpenter foreman with Augenstein when he reported an accident which occurred while in the course and scope of his employment on August 27, 1979. It was further stipulated that Aetna paid maximum compensation benefits, to-talling $1,510.75 plus all medical expenses *349 incurred, up until March 10, 1980, when all benefit payments were terminated.
The record supports the following facts as found by the trial judge in his written reasons for judgment:

"The evidence discloses that the plaintiff has a long history of back problems. When he was sixteen (16) years of age he injured his back in a motorcycle accident (Injury No. 1). In September of 1965 he was discharged from the U.S. Navy because of back related problems. On November 12, 1976, while lifting a heavy piece of pipe, plaintiff injured his low back (Injury No. 2). Again, in October of 1978, plaintiff injured his back while handling a heaving wooden beam (Injury No. 3). Therefore, the injury which gives rise to this lawsuit is his fourth (4th) known back injury.

After Injury No. 2, plaintiff saw Dr. William Akins, an orthopedic surgeon. At that time Dr. Akins diagnosed the problem as ‘disc ligament facet syndrome, probably due to a previously damaged disc with degenerative disc disease.’ The physician prescribed exercise and Empirin # 3. Two weeks after the injury, Mr. Fogleman returned to work.

According to a report of Dr. Akins, plaintiff experienced pronounced pain in the low back for about two days after injury No. 3 but the pain subsided. Sometime in November of 1978, plaintiff began experiencing intermitten low back pain but was able to continue working. On or about January 1, 1979 plaintiff experienced severe back pain causing him to be incapacitated and unable to rest. He saw a chiropractor on January 5,1979 who suggested that he consult an orthopedic surgeon. Consequently, on January 9, 1979 he again sought Dr. Akins. After examination it was Dr. Akins’ impression that Mr. Fogleman had received a spraining type injury of the lumbar spine with nerve root irritation. Dr. Akins continued to conservatively treat and follow the patient. In April of 1979, plaintiff began to experience pain in his neck and arms. The last time Dr. Akins saw plaintiff in connection with accident No. 3 was on July 18, 1979. At that time he was experiencing neck and back pain. In his deposition, Dr. Akins explained that over the three year period that he had been seeing plaintiff, his evaluations had come to a point to where no specific time oriented treatment plan was effective nor indicated. The patient was instructed to return to see the doctor whenever he had a flare up of pain.

Plaintiff’s workmen’s compensation claim resulting from injury No. 3 was settled in late July of 1979. According to his testimony he received $33,000.00 in settlement.[

1

] Be that as it may, approximately two weeks later on August 6, 1979, Mr. Fogleman took employment with Augenstein Construction Company. Plaintiff testified that he was not experiencing any back or neck problems at the time of his employment. The court notes that on July 18, he told Dr. Akins that he did have pain in his back and neck.

On August 27, 1979, only twenty-one days after being employed, Mr. Fogleman was attempting to remove a plywood template from around some piping. Suddenly, the form became free from the pipes and Mr. Fogleman fell forward and down. At that time he said that he felt a popping sensation in both his neck and low back. The injury was promptly reported and he was seen by Dr. Allen C. Richert who diagnosed his injury as a contusion.

On September 6, 1979 plaintiff went to see Dr. Akins. At that time he was complaining of low back pain and less severe and poorly localized neck and arm pain. A physical examination did not reveal any muscle spasm or other objective findings. X-rays of the low back were taken and compared to earlier films. No 
*350
changes were noted. X-rays of the neck were obtained. These were normal except that there was some narrowing at C5-6, and some spurring of the bone toward the front. According to Dr. Akins, this phenomena indicated the disc at this level had worn out sometime in the past and that degenerative disc changes were beginning to occur. As to the neck, Dr. Akins said:

‘My Impression was that the patient had a cervical spine strain or spraining type injury, that there were no indications of permanent disability, that there were no indications of surgery, and that there was no evidence of nerve root compression or involvement. Insofar as his lumbar spine was concerned, the terminology is a disc ligament facet syndrome associated with or superimposed on pre-existing degenerative disc disease. There was no evidence of the nerve being involved. There was no indication for surgery. There was no indication for permanent disability, and I made a statement that objective findings did not support all of the patient’s complaints.’

After this fourth accident, plaintiff remained off the job for about two weeks then went back to work as a carpenter. He continued to work, he testified, until January 1, 1980 when he quit because he could no longer stand the pain. On February 11, 1980, plaintiff and his wife opened a restaurant in Lake Charles called ‘Shrympo’s’. They have continued to operate the restaurant as a family business. Mr. Fogleman says he performs no manual or heavy' work at the restaurant but he does help at the cash register.

After he ceased working as a carpenter, plaintiff went back to see Dr. Akins on January 4, 1980. He was followed by Dr. Akins or his partner, Dr. Dennis Walker and was last seen May 23, 1980. At his deposition, Dr. Akins testified that at some point in time, after August 27, 1979, Randy Fogleman recovered to his pre-injury status.

On July 7, 1980, plaintiff consulted Dr. George Schneider, another orthopedic surgeon. Because of the complaints of pain, Dr. Schneider felt plaintiff was disabled as a carpenter. This physician found no muscle spasms, etc., but he did find the degenerative condition in the neck as Dr. Akins had found. He also stated that the changes in the low back were possibly related to the accident of August 27, 1979 but were indicative to degenerative changes — a progressive problem. Dr. Schneider has continued to follow plaintiff and feels he is presently disabled as a carpenter and that the accident has been a contributing factor to his condition. ”
Mr. Fogleman was also evaluated by Dr. Norman Morin, an orthopedic surgeon. The trial judge concluded in a footnote to his written reasons for judgment that Dr. Morin’s findings were negative and his impressions and conclusions were similar to those of Dr. Akins.
The plaintiff complains of two areas of injury, the neck (cervical spine) and the low back (lumbar spine). All of the physicians agree that any residual problem with the neck involved pre-existing degenerative changes which are unrelated to the August, 1979 accident and which are not disabling. Insofar as the low back is concerned, they all diagnosed a pre-existing degenerative arthritic disc disease. However, Dr. Akins and Dr. Morin found no indication of permanent disability and agreed that Mr. Fo-gleman has recovered to his pre-August, 1979 status; whereas Dr. Schneider was of the opinion that Mr. Fogleman is presently disabled and that the August, 1979 injury was a contributory factor to his present disability.
The trial judge resolved the conflict in medical opinion in favor of defendants for the reason that Dr. Akins had been following the plaintiff for such a long period of time, and concluded that Mr. Fogleman had recovered to his pre-injury status probably by January 10, 1980.
The plaintiff urges error on the part of the trial judge in two respects: (1) in fail *351 ing to find that the accident caused a residual disability; and, (2) in not awarding penalties and attorney’s fees.
In Guillory v. U.S. Fidelity and Guar. Ins. Co., 420 So.2d 119, at 122 (La.1982), the Supreme Court set out the following requirements for a successful claim under the worker’s compensation statute:
“The requirements for a successful claim under this statute are thus personal injury which is the result of an accident, which accident in turn arises out of and in the course of employment. The Louisiana compensation act does not require that the employment cause the disability. The chain of causation required by the statutory scheme as adopted by the Legislature in R.S. 23:1031 is that the employment causes the accident, the accident causes injury, and the injury causes disability.”
It is conceded by the parties that Mr. Fogleman suffered an accident, which arose out of and in the course of his employment. It is also conceded that the accident caused some injury. The only remaining dispute is whether plaintiff has proved a disability resulting from his injury beyond the time compensation payments were terminated. This dispute involves a two part analysis. Is the plaintiff disabled, and if so, did the accident cause the disability?
Once there is proof of an accident and a following disability without any intervening cause, it is presumed that the accident caused the disability. This presumption is rebuttable, however, its effect being to shift the burden of proof to the defendants. Causation is not necessarily and exclusively a medical conclusion. The ultimate determination concerning disability under the worker’s compensation statute is by the courts, not the medical experts. Guillory v. U.S.F. & G., supra.
Before the above presumption is applicable, plaintiff has the burden of proving the extent and duration of any subsequent disability. The trial judge found that Mr. Fogleman had recovered to his pre-injury status, i.e., any subsequent disabling change in plaintiff’s physical condition was resolved prior to the termination of disability payments. •
The plaintiff contends that the trial judge erred in accepting the testimony of Dr. Akins over that of Dr. Schneider. Both Dr. Akins and Dr. Schneider were treating physicians. Both are orthopaedic surgeons of generally equal qualifications. Dr. Akins and his partner Dr. Walker treated Mr. Fogleman for back problems for approximately three and one-half years. He had examined Mr. Fogleman on July 18, 1979, only five weeks before the accident in question and again only shortly after the accident. Dr. Akins findings were corroborated by Dr. Morin, who had also examined the plaintiff before and after the accident although only twice and not as a treating physician. Although Dr. Schneider has seen Mr. Fogleman on a regular basis for almost two years, he did not have the occasion to observe the plaintiff’s condition pri- or to the accident in question and then not until almost a year after the accident. Considering the above, it is clear that Dr. Akins was in a better position to observe any change in the plaintiff’s physical condition after the accident which was disabling.
Considering the record as a whole, the preponderance of the evidence supports the factual finding of the trial judge that any subsequent change in plaintiff’s physical condition as a result of the August, 1979 accident was resolved prior to the termination of disability payments.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.

. This finding is erroneous. It appears that although Mr. Fogleman’s testimony was confusing, his intended testimony was that he received $3,600.00 in settlement. The latter figure is corroborated by the settlement agreement which is made a part of this record as an attachment to a motion for new trial.